2003 WY 127

**Thomas Lee KELLEY and Vicki Kelley, d/b/a Outlaw Recovery, Appellants (Plaintiffs),**

v.

**Malcolm G. WATSON, Appellee (Defendant).**

No. 02–271.

Supreme Court of Wyoming.

Oct. 6, 2003.

Representing Appellant: Thomas Kelley and Vicki Kelley, Pro se, Rawlins, Wyoming.

Representing Appellee: No appearance.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]   Thomas Lee Kelley and Vicki Kelley d/b/a Outlaw Recovery, appeal pro se from a district court judgment which found the Kelleys' claims concerning ownership of two vehicles was without merit and awarded the property in dispute to Malcolm G. Watson. We conclude that the Kelleys' brief is unsupported by the record, cogent argument, or citation to pertinent authority and summarily affirm the district court's order.

## FACTS

[¶ 2]   In the spring of 1998, the Kelleys and Mr. Watson purchased three tow trucks from Mr. Phil Perry.   The vehicles were financed through a bank loan in the amount of $21,000 and a promissory note to Mr. Perry.   Both the Kelleys and Mr. Watson were signatories on the loans.   Shortly after the purchase, Mr. Watson obtained title for two of the trucks in his name only.   The third truck was sold around the same time

and is no longer at issue. The Kelleys allege that in January 2002, Mr. Watson trespassed on their property and took possession of one of the two tow trucks. The Kelleys' complaint against Mr. Watson alleged fraud, trespass, wrongful possession, breach of peace and conversion. The district court found in favor of Mr. Watson. The court found that the Kelleys defaulted on payment of the loans, leaving Mr. Watson "holding the bag." The court ordered the trucks to be sold to help repay the loans.

[¶ 3] The district court entered its judgment on October 1, 2002. The Kelleys filed a motion for relief from judgment on October 29, 2002. On November 26, 2002, the district court held Mr. Kelley in contempt for failing to turn over one of the trucks and ordered execution on that truck. The Kelleys filed their Notice of Appeal the same day, and this appeal followed.

### STANDARD OF REVIEW

[¶ 4] We will summarily affirm cases or issues in cases that are not presented with cogent argument or pertinent authority. While we may make allowances for pro se litigants, they are not excused from compliance with this rule and with the Wyoming Rules of Appellate Procedure. *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo.1995). The Kelleys' brief does not set forth any issues, and the Appellee did not file a brief. "Under this court's long-standing precedent, this court will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation." *State v. Campbell County School District*, 2001 WY 90, ¶ 35, 32 P.3d 325, ¶ 35 (Wyo.2001).

### DISCUSSION

[¶ 5] In addition to failing to comply with various provisions of W.R.A.P 7.01, the Kelleys brief is not supported by the record, cogent argument or pertinent authority. Not only does the brief lack proper format, no issues are framed, nor are any cases cited. Moreover, the brief fails to include any facts or information pertaining to the appeal at issue, the nature of the case on appeal, the course of proceedings, or the disposition in the trial court. *See* W.R.A.P. 7.01(e). The Kelleys do not cite to the record. They generally complain about their attorney and about the district court judge; basically, the Kelleys brief simply voices discontent with the ruling against them.

[¶ 6] Even if the Kelleys brief had framed issues or cited pertinent authority, we would still be inclined to summarily affirm the district courts order because there is no hearing transcript, nor is there a statement of the evidence presented at the hearing. In the absence of a transcript or an approved statement of the hearing as provided under W.R.A.P. 3.03, the regularity of the trial courts judgment and the competency of the evidence upon which that judgment is based must be presumed. *Burt v. Burt*, 2002 WY 127, ¶ 7, 53 P.3d 101, ¶ 7 (Wyo.2002) (citations omitted).

[¶ 7] Affirmed.