2005 WY 109

**Thomas L. KELLEY, Appellant (Plaintiff),**

v.

**Jennifer L. KELLEY, Appellee (Defendant).**

No. 04–242.

Supreme Court of Wyoming.

Sept. 7, 2005.

2005 WY 110

**Gregory A. POPICK, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. 05–3.**

Supreme Court of Wyoming.

Sept. 7, 2005.

Representing Appellant: Thomas L. Kelley, pro se.

Representing Appellee: No appearance.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant and the appellee were divorced in Carbon County, Wyoming, in 1999. The appellee has lived with the couple's children in the State of Colorado since 1998. On May 12, 2004, the appellant filed in the Carbon County District Court a petition to modify the custody provisions of the divorce decree. On November 4, 2004, pursuant to Wyo. Stat. Ann. § 20–5–108 (LexisNexis 2003), the district court declined jurisdiction and dismissed the petition on the ground of *forum non conveniens.*[1] The appellant has filed a *pro se* appeal from that dismissal.

[¶ 2] We summarily affirm the district court because the appellant has failed to provide cogent argument or citation to pertinent authority. *See Billings v. Wyoming Bd. of Outfitters and Professional Guides,* 2004 WY 42, ¶ 62, 88 P.3d 455, 477 (Wyo. 2004) and *Kelley v. Watson,* 2003 WY 127, ¶ 4, 77 P.3d 691, 692 (Wyo.2003). The appellant's brief is merely a list of contentions as to why custody should be modified. No facts or legal arguments are presented in regard to the pivotal issue of whether the district court should have ceded jurisdiction in favor of Colorado.

[¶ 3] Affirmed.

---

1. Wyo. Stat. Ann. § 20–5–108(a) states:
   A court which has jurisdiction under this act to make an initial decree or a modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.