2011 WY 83

**Gary Lee BELDEN, Appellant (Plaintiff),**

**v.**

**Robert O. LAMPERT, Director, Wyoming Department of Corrections, in his person as Director of Wyoming Out of State Prisoners, Appellee (Defendant).**

No. S–10–0237.

Supreme Court of Wyoming.

May 24, 2011.

Representing Appellant: Gary Lee Belden, pro se.

Representing Appellee: Bruce A. Salzburg, Attorney General; John W. Renneisen, Deputy Attorney General; Misha Westby, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Gary Lee Belden, acting *pro se*, filed an action under 42 U.S.C. § 1983, contending he was denied his constitutional right of access to the courts because he did not have adequate access to Wyoming legal research materials in a Nevada state correctional facility. Appellant challenges the district court's dismissal of his suit based on a failure to state a claim. We affirm.

### ISSUES

[¶ 2] Appellant raises the following issues:

1. Whether Appellant's Complaint set forth facts sufficient to support the allegation that inadequate access to legal research materials at a Nevada prison law library caused an actual injury.

2. Whether Appellant's transfer to a different corrections facility five days prior to the hearing on Appellee's Motion to Dismiss prejudiced Appellant's ability to represent himself at the hearing.

### FACTS

[¶ 3] Appellant was convicted of first-degree sexual assault and first-degree murder on October 17, 2000, and was sentenced to life in prison. He appealed his convictions, which were upheld by this Court on July 31, 2003, in *Belden v. State*, 2003 WY 89, 73 P.3d 1041 (Wyo.2003). Appellant subsequently filed a Petition for Writ of Certiorari in the United States Supreme Court, which was denied in *Belden v. Wyoming*, 540 U.S. 1165, 124 S.Ct. 1179, 157 L.Ed.2d 1212 (2004). Appellant then filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Wyoming on July 19, 2004. The District Court denied the petition, and that decision was upheld by the

Tenth Circuit Court of Appeals in *Belden v. Wyo. Dep't of Corr.*, 251 Fed.Appx. 512 (10th Cir.2007). Appellant also filed three petitions in this Court seeking relief from his convictions, including a Petition for Writ of Habeas Corpus filed on October 30, 2008, a Petition for Writ of Certiorari filed on August 12, 2009, and an additional Petition for Writ of Habeas Corpus filed on October 14, 2009. Those petitions were also denied.

[¶ 4] On April 28, 2010, Appellant filed this action in the Goshen County District Court, claiming a denial of his constitutional right of access to the courts. More specifically, Appellant claimed he was denied "meaningful access to [the] Wyo[ming] state law library." According to Appellant's Complaint, shortly after his convictions, he was transferred to the High Desert State Prison in Indian Springs, Nevada. Appellant alleged that the law library at the Nevada facility was inadequate because materials on Wyoming law were only available through one LexisNexis computer disc and an "exact cite paging system," in which materials could only be retrieved by identifying precise case names and citations. Appellant further alleged that the personnel at the Nevada facility were not trained in Wyoming law. He asserted that the alleged inadequacies of the law library impeded his ability to comply with "time barriers in state court." Appellant also acknowledged in his Complaint that he was represented by a court-appointed attorney in the proceedings relating to his federal habeas petition.

[¶ 5] In response to Appellant's Complaint, Appellee filed a Motion to Dismiss for failure to state a claim upon which relief could be granted. Appellee claimed that Appellant had failed to allege an actual injury and had failed to exhaust administrative remedies. The district court granted the Motion to Dismiss, finding that Appellant had failed to allege facts sufficient to support a finding of actual injury as required by law. Appellant challenges the decision of the district court.

### STANDARD OF REVIEW

[¶ 6] We review the district court's grant of a motion to dismiss using the following standard:

When reviewing W.R.C.P. 12(b)(6) motions to dismiss, we accept the facts stated in the complaint as true and view them in the light most favorable to the plaintiff. We will sustain such a dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any fact which would entitle him to relief.

*Cramer v. Powder River Coal, LLC*, 2009 WY 45, ¶ 35, 204 P.3d 974, 983 (Wyo.2009).

## DISCUSSION

■ [¶ 7] A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

It is well-established that inmates have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). The right is grounded in the Due Process Clause of the Fourteenth Amendment and the First Amendment right to petition the government for redress of grievances. *Bieregu v. Reno*, 59 F.3d 1445, 1453–54 (3d Cir.1995). In *Bounds*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828, 97 S.Ct. at 1498.

[¶ 8] In *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court revisited the holding in *Bounds*, and clarified that an inmate alleging a denial of the right of access to the courts must demonstrate an "actual injury." *Lewis*, 518 U.S. at 351, 116 S.Ct. at 2180. The Court stated that this requirement "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id.* at 349, 116 S.Ct. at 2179. The Court noted that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351, 116 S.Ct. at 2180 (quoting *Bounds*, 430 U.S. at 825, 97 S.Ct. at 1496). Further, the Court explained that in order to show actual injury, an inmate must demonstrate that alleged shortcomings in the prison library hindered efforts to pursue a legal claim:

Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," [*Bounds*, 430 U.S.] at 823[, 97 S.Ct. at 1495] (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351, 116 S.Ct. at 2180.

■ [¶ 9] Appellant's Complaint states that the alleged inadequacies of the Nevada prison library impeded his ability to assert a claim within "time barriers in state court."

Construing the Complaint liberally, Appellant asserts that the alleged inadequacies of the Nevada prison library prevented him from filing a petition for post-conviction relief within the applicable statute of limitations. A petition for post-conviction relief may be filed by a prisoner who asserts that "in the proceedings which resulted in his conviction there was a substantial denial of his rights under the constitution of the United States or of the state of Wyoming...." Wyo. Stat. Ann. § 7–14–101(b) (LexisNexis 2009). Appellant's alleged injury stems from the fact that petitions for post-conviction relief must be filed within five years after a judgment of conviction is entered. Wyo. Stat. Ann. § 7–14–103(d) [1]; *Phillips v. Ferguson*, 182 F.3d 769, 771 (10th Cir.1999). Appellant was convicted in 2000 and, consequently, can no longer file a petition for post-conviction relief in Wyoming state courts. *Taylor v. State*, 2003 WY 97, ¶ 10, 74 P.3d 1236, 1239 (Wyo.2003).

[¶ 10] Although it is clear that the statute of limitations for post-conviction relief has long since expired, Appellant's Complaint gives absolutely no indication that Appellant had a claim for post-conviction relief at any time. Appellant did not allege any basis upon which a petition for post-conviction relief could have been filed, and he did not allege any facts to indicate the existence of a viable claim for post-conviction relief. We note that Wyo. Stat. Ann. § 7–14–103(a) bars claims that could have been raised in a direct appeal, as well as claims that were decided on the merits or on procedural grounds "in any previous proceeding which has become

final." Without any facts to indicate that Appellant could have filed a viable petition for post-conviction relief, we cannot determine that Appellant has been injured by the expiration of the applicable statute of limitations. Accordingly, we find that the facts set forth in Appellant's Complaint, when viewed in the light most favorable to him, do not allege an actual injury. Furthermore, Appellant was able to file at least five petitions seeking relief from his conviction while he was an inmate at the Nevada state prison, and he was represented by court-appointed counsel in at least one of those actions. Those petitions were reviewed at length and were denied on the merits. Appellant's ability to conduct this volume of legal activity provides further indication that he retained meaningful access to the courts. *See Rauso v. Zimmerman*, No. 3:97–CV–1841, 2006 WL 3717785, at *5 (M.D.Pa. Dec. 14, 2006).

[¶ 11] Appellant's second issue concerns his transfer to a different corrections facility shortly before the hearing on the Motion to Dismiss. Because this issue is raised for the first time on appeal, we do not address it. As we have repeatedly stated,

We strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature. [*Oatts] v. Jorgenson*, 821 P.2d 108, 111 (Wyo.1991). We follow this rule because "it is unfair to

---

1. Wyo. Stat. Ann. § 7–14–103 reads, in its entirety, as follows:

(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:
(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;
(ii) Was not raised in the original or an amendment to the original petition under this act; or
(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.
(b) Notwithstanding paragraph (a)(i) of this section, a court may hear a petition if:
(i) The petitioner sets forth facts supported by affidavits or other credible evidence

which was not known or reasonably available to him at the time of a direct appeal; or
(ii) The court makes a finding that the petitioner was denied constitutionally effective assistance of counsel on his direct appeal. This finding may be reviewed by the supreme court together with any further action of the district court taken on the petition.
(c) This act does not apply to claims of error or denial of rights in any proceeding:
(i) For the revocation of probation or parole;
(ii) Provided by statute or court rule for new trial, sentence reduction, sentence correction or other post-verdict motion.
(d) No petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered.

reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court."

*Erwin v. State,* 2010 WY 117, ¶ 15, 237 P.3d 409, 414 (Wyo.2010) (quoting *Hronek v. Saint Joseph's Children's Home,* 866 P.2d 1305, 1309 (Wyo.1994)).

[¶ 12]   Affirmed.