# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 148

*October Term, A.D. 2014*

**November 19, 2014**

DHARMINDER VIR SEN,

**Appellant
(Defendant),**

**v.**                                                                      S-14-0113

**THE STATE OF WYOMING,**

**Appellee
(Plaintiff).**

## ORDER REMANDING FOR RESENTENCING

[¶1]  **This matter** came before the Court upon a "Stipulated Motion to Remand for New Sentencing Hearing," e-filed herein October 31, 2014.  After a careful review of the motion and the file, this Court finds as follows.  This Court agrees with the parties that this matter should be remanded for resentencing in light of this Court's recent opinion in *Bear Cloud v. State*, 2014 WY 113, 334 P.3d 132 (Wyo. 2014).  There, this Court held that "the teachings of the *Roper/Graham/Miller* trilogy require sentencing courts to provide an individualized sentencing hearing to weigh the factors for determining a juvenile's 'diminished culpability and greater prospects for reform' when, as here, the aggregate sentences result in the functional equivalent of life without parole." *Id*., ¶ 33, 334 P.3d at 141-42.  Based on the district court's statements on the record, this Court agrees with the parties that the district court did not consider the analysis from *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) "in light of the entire sentencing package." *Bear Cloud*, *supra*, at ¶ 48.  This Court agrees that Appellant should be resentenced based on the considerations noted in *Bear Cloud.*

[¶2]  This Court also finds that it should clarify a matter with regard to parole eligibility.  When this Court initially reversed Appellant's and Mr. Bear Cloud's sentences, this Court instructed that, if a sentence of life according to law was imposed, the district court must specify a period of parole ineligibility. *See Bear Cloud v. State*, 2013 WY 18, ¶ 47, 294 P.3d 36, 47-48 (Wyo. 2013) ("because the current statutory scheme provides no other method by which to determine parole eligibility, we hold that when a trial court imposes a sentence of life imprisonment according to law upon a juvenile homicide offender, the trial court must also pronounce a specific period of time

which must pass before the juvenile becomes parole eligible."). The district court here did as instructed. It imposed a sentence of life according to law, with the specification that Appellant was eligible for parole on that sentence after 35 years. This Court concludes that, at the resentencing required by this order, the district court is neither required nor authorized to specify a period of parole ineligibility.

[¶3]    Normally, this Court would not address this parole eligibility issue, inasmuch as the parties did not include the issue in their stipulation (although Appellant raised the issue in his brief). However, this Court will address the issue here, for two reasons. For one, the State, in its brief, concedes Appellant's life sentence is subject to parole eligibility after 25 years. In its brief,

> The State agrees that, at the time Sen was resentenced and currently, Wyoming law provides that any person currently serving a sentence of life according to law, who was sentenced as a juvenile, may be paroled after serving twenty-five years of that life sentence if otherwise eligible. Sen will benefit from the law [Wyo. Stat. Ann. § 6-10-301(c)], regardless of the district court's statement in the Judgment and Sentence.

Brief of Appellee, p. 32. Second, this Court recently clarified that "[a]ny juvenile offender sentenced to life imprisonment under the former law is now, by operation of the amended parole statutes, serving a sentence of life imprisonment with eligibility for parole in twenty-five years, and a juvenile offender serving such a sentence is not required to file a Rule 35 motion to implement that revised sentence." *State v. Mares*, 2014 WY 126, ¶ 26, 335 P.3d 487, 498 (Wyo. 2014). Based on the foregoing, this Court concludes the district court is neither authorized nor required to establish a period for parole ineligibility on a sentence of life according to law. It is, therefore,

[¶4]    **ORDERED** that this Court hereby vacates the sentences imposed in the district court's "Judgment and Sentence" entered on March 19, 2014 in Sheridan County District Court Docket CR-2009-54. This matter is remanded to the district court for resentencing on all counts, consistent with this order; and it is further

[¶5]    **ORDERED** that the oral argument setting in this matter is hereby vacated. The Court retains no jurisdiction over this matter.

[¶6]    **DATED** this 19th day of November, 2014.

**BY THE COURT:**

/s/

**E. JAMES BURKE**
**Chief Justice**
