# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 155

OCTOBER TERM, A.D. 2014

December 3, 2014

LAWRENCE FLOYD SILVA,

Appellant
(Defendant),

v.

S-14-0037

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*

*Pro se.*

*Representing Appellee:*

*Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General.*

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1] Appellant, Lawrence Silva, was convicted of aggravated burglary and attempted kidnapping, and sentenced to serve two concurrent terms of twelve to fifteen years in prison. He appealed, and we affirmed. *Silva v. State*, 2012 WY 37, ¶ 31, 271 P.3d 443, 453 (Wyo. 2012) ("*Silva I*"). Mr. Silva subsequently filed a motion to reduce his sentence. The district court denied the motion. Mr. Silva has appealed that decision. We will affirm.

## *ISSUES*

[¶2] Although Mr. Silva's *pro se* brief does not include a statement of the issues, we discern them to be as follows:

> 1. Was he denied effective assistance of counsel, both at trial and on appeal?
>
> 2. Did the prosecution possess exculpatory evidence that it did not turn over to him, in violation of his constitutional rights recognized in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)?

The State articulates a different issue, which we paraphrase:

> 1. Should the district court's order be summarily affirmed because Mr. Silva's brief does not comply with many of the requirements of W.R.A.P. 7.01?

## *FACTS*

[¶3] The facts underlying Mr. Silva's convictions are set forth in detail in *Silva I*, ¶¶ 3-13, 271 P.3d at 445-47, and will only be summarized here. He was charged with breaking into the apartment where his estranged fiancée was staying, and attempting to remove her from the apartment and take her to his house. A jury found him guilty of aggravated burglary in violation of Wyo. Stat. Ann. § 6-3-301(a) and (c)(ii) (LexisNexis 2011), and attempted kidnapping in violation of Wyo. Stat. Ann. §§ 6-1-301(a)(i) and 6-2-201(a)(iii). The district court sentenced him to twelve to fifteen years imprisonment on each conviction, the two sentences to run concurrently. His direct appeal concluded with our affirming his convictions and sentences. *Silva I*, ¶ 31, 271 P.3d at 453.

[¶4] On April 15, 2013, Mr. Silva filed a "Motion for Sentence Reduction Pursuant to Rule 35(b) of the Wyoming Rules of Criminal Procedure." He asserted that his sentence should be reduced because he had performed well at his job in the prison kitchen, he had

taken and completed nearly all of the treatment and counseling courses available to him in the corrections system, and he had accepted responsibility for his crimes and changed his ways. The district court concluded that "the sentence was appropriate at the time it was imposed and it remains appropriate," and so denied the motion. Mr. Silva filed a timely notice of appeal.

## DISCUSSION

[¶5]    The State contends that Mr. Silva's brief does not comply with W.R.A.P. 7.01 to such an extent that we should summarily affirm the district court's order without addressing the merits of his claims. It asserts that the brief does not include a proper title page, a table of contents, a table of cases, a statement of the issues, a statement of the case, a statement of the facts, a standard of review, or an appendix including the final district court order from which the appeal is taken. It further asserts that the brief does not contain cogent argument. The State urges summary affirmation of the district court's order denying Mr. Silva's motion for sentence reduction.

[¶6]    In many respects, Mr. Silva's brief fails to meet the requirements of W.R.A.P. 7.01. Under W.R.A.P. 1.03, we have discretion to sanction such noncompliance by taking "such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance." As we observed just recently:

> This Court has on occasion summarily affirmed a district court order when an appellant has failed to comply with the appellate rule. *See, for example*, *Kelley v. Watson*, 2003 WY 127, ¶ 4, 77 P.3d 691, 692 (Wyo. 2003); *MTM v. State*, 2001 WY 61, ¶ 9, 26 P.3d 1035, 1037 (Wyo. 2001). In other cases, we have addressed the issues raised despite the lack of compliance. *Burns v. State*, 2011 WY 5, ¶ 7, 246 P.3d 283, 285 (Wyo. 2011); *LS v. State*, 2006 WY 130, ¶ 10 n.2, 143 P.3d 918, 922 n.2 (Wyo. 2006).

*Counts v. State*, 2014 WY 151, ¶ 9, ___ P.3d ___, ___ (Wyo. 2014).

[¶7]    Mr. Silva is acting *pro se* in this appeal. Even though a "*pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys," we still require "reasonable adherence to the procedural rules and requirements of the court." *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002). Accordingly, while we might have overlooked some of the minor ways in which Mr. Silva's brief does not comply with the rules, we cannot ignore its lack of cogent argument. "We have consistently refused to address claims not supported by cogent argument or citation to pertinent authority whether a pro se litigant or counsel files the

2

brief." *Kinstler v. RTB South Greeley, LTD., LLC*, 2007 WY 98, ¶ 10, 160 P.3d 1125, 1128 (Wyo. 2007) (quoting *Odegard v. Odegard*, 2003 WY 67, ¶ 29, 69 P.3d 917, 925 (Wyo. 2003)).

[¶8]   As noted above, Mr. Silva argued in the district court that his sentence should be reduced based on his achievements and behavior.   While those arguments did not persuade the district court to grant his motion, they were plausible arguments to make in support of a motion for sentence reduction.  However, he abandoned those arguments on appeal.  He now complains that he received ineffective assistance of counsel, and that the prosecution withheld exculpatory evidence he was constitutionally entitled to receive.

[¶9]   Mr. Silva did not raise these issues before the district court in connection with his motion for sentence reduction.[1]  We could decline to consider Mr. Silva's claims on that basis alone.

> We strongly adhere to the rule forbidding us to "consider for the first time on appeal issues that were neither raised in, nor argued to, the trial court," except for those issues which are jurisdictional or are fundamental in nature.  [*Oatts*] *v. Jorgenson*, 821 P.2d 108, 111 (Wyo. 1991).  We follow this rule because "it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court."

*Belden v. Lampert*, 2011 WY 83, ¶ 11, 251 P.3d 325, 328-29 (Wyo. 2011) (quoting *Erwin v. State*, 2010 WY 117, ¶ 15, 237 P.3d 409, 414 (Wyo. 2010)).

[¶10]  Furthermore, Mr. Silva's brief does not mention his motion for sentence reduction. It does not mention the district court's order denying that motion.  It does not mention W.R.Cr.P. 35.  It contains no explanation of how his current arguments relate to the motion for sentence reduction, and we cannot perceive any connection.  "A motion for a sentence reduction cannot be used to attack the validity of a conviction." *Mack v. State*, 7 P.3d 899, 900 (Wyo. 2000); *see also Smith v. State*, 969 P.2d 1136, 1138 (Wyo. 1998) (The function of Rule 35 is "not to re-examine errors occurring at the trial or other

---

[1] About five months after Mr. Silva filed the motion for sentence reduction that is the subject of this appeal, he filed a petition for post-conviction relief with the district court.  In that petition, he raised similar assertions of ineffective assistance of counsel and withholding of evidence.  However, the petition for post-conviction relief is not before us for review.  In this appeal, we are reviewing only the denial of Mr. Silva's motion for sentence reduction.

proceedings prior to the imposition of the sentence."). In short, Mr. Silva has failed to provide cogent argument. We will exercise our discretion under W.R.A.P. 1.03 and refuse to consider his contentions.

[¶11] The district court's order denying Mr. Silva's motion for sentence reduction is therefore affirmed.