2017 WY 137

**Nathaniel Vance FARNSWORTH, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**S-17-0119**

Supreme Court of Wyoming.

November 20, 2017

Representing Appellant: Office of the State Public Defender: Diane Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

DAVIS, Justice.

[¶1] Nathaniel Vance Farnsworth appeals his felony conviction for taking a controlled substance into a jail.[1] For the reasons set forth in *Barrera v. State*, 2017 WY 123, 403 P.3d 1025 (Wyo. 2017), and those set forth below, we affirm.

## ISSUES

[¶2] We restate the issues Farnsworth presents as follows:

1. Did the district court properly conclude that Farnsworth violated Wyo. Stat. Ann. § 6-5-208 when he took a controlled substance into the county jail after being arrested?

2. Did the district court or the State violate Farnsworth's Fifth Amendment rights?

## FACTS

[¶3] On January 16, 2016, a Campbell County deputy sheriff stopped the vehicle Farnsworth was driving because a "blinker" on the trailer he was pulling was not working. The deputy discovered that Farnsworth had an outstanding warrant for failure to appear, arrested him and transported him to the Campbell County Detention Center. Upon arrival, officers escorted Farnsworth

---

1. Farnsworth was also convicted of misdemeanor possession of a controlled substance in violation of Wyo. Stat. Ann. § 35-7-1031(c)(i)(C), but does not appeal that conviction.

into the facility and, referring him to a sign posted on the door stating that it is a felony to bring drugs or alcohol into the facility, asked him whether he had any illegal substances on his person. According to Deputy Sheriff Kristen Antle, Farnsworth's response was to the effect of "no, I don't think so, I don't know." As they passed a second sign stating that it was a felony to bring a controlled substance into the jail, Deputy Antle told Farnsworth that if he had drugs in his possession and informed the officers then, he would not be charged with a felony. According to Deputy Antle, Farnsworth indicated "no I don't" and "I don't think I have anything on me." The officers escorted Farnsworth into the booking area. The detention officer patted him down and found two plastic zip-lock baggies containing a white powdery substance in Farnsworth's pants pocket. The substance tested presumptively positive as methamphetamine.

[¶4] Deputy Antle arrested Farnsworth for taking a controlled substance into the jail in violation of Wyo. Stat. Ann. § 6-5-208 (LexisNexis 2017). That section provides in pertinent part: "Except as authorized by a person in charge, a person commits a felony ... if that person takes or passes any controlled substance or intoxicating liquor into a jail[.]" Farnsworth filed a motion to dismiss the charge, arguing that he did not voluntarily take a controlled substance into the jail, and that while § 6-5-208 is a general intent crime, its commission still requires a voluntary act. He asserted that he told the officers he did not know whether he had methamphetamine in his pocket and was prevented from looking because he was handcuffed. He cited a 2011 decision letter in a case from Goshen County, Wyoming, in which the district judge concluded on similar facts that § 6-5-208 prohibits only voluntarily taking a controlled substance into a jail, not voluntarily possessing a controlled substance. Finding that the defendant in that case could not have acted voluntarily because he was under arrest, the district court in that case granted his motion to dismiss the charge.

[¶5] In its response to Farnsworth's motion, the State argued that Farnsworth acted voluntarily when he took methamphetamine

into the jail, and asked the court to deny the motion. After an evidentiary hearing, the district court in this case denied the motion, finding that even though Farnsworth's physical presence at the jail was not voluntary, his act of concealing a controlled substance was.

[¶6] In the meantime, the parties entered into a conditional plea agreement, pursuant to which Farnsworth agreed to plead no contest to the charge of taking a controlled substance into the jail while reserving his right to seek review of any adverse ruling on his motion to dismiss the felony charge. The district court entered judgment against Farnsworth and imposed a two to three-year sentence on the felony charge, which it suspended in favor of three years of supervised probation. Farnsworth appeals from the judgment.

## STANDARD OF REVIEW

[¶7] When reviewing motions to dismiss, we defer to the district court's findings of fact if they are not clearly erroneous, and we review any conclusions of law de novo. *Hopson v. State*, 2006 WY 32, ¶ 21, 130 P.3d 494, 500 (Wyo. 2006). Statutory interpretation is a question of law, which we consider de novo. *Bear Cloud v. State*, 2013 WY 18, ¶ 14, 294 P.3d 36, 40 (Wyo. 2013). Issues arising under the constitution are also questions of law that we review de novo. *Bush v. State*, 2008 WY 108, ¶ 48, 193 P.3d 203, 214 (Wyo. 2008).

## DISCUSSION

### 1. Propriety of the district court's denial of the motion to dismiss

[¶8] Wyo. Stat. Ann. § 6-5-208 states in pertinent part that "[e]xcept as authorized by a person in charge, a person commits a felony ... if that person takes or passes any controlled substance or intoxicating liquor into a jail[.]" Farnsworth contends that the statute requires intent on the part of the offender to bring a controlled substance into a jail. He argues that the statute is not violated when a person possessing a controlled substance without the intent to bring it into a jail is arrested and brought to jail against his will. Addressing the same argu-

ment in *Barrera v. State*, 2017 WY 123, 403 P.3d 1025 (Wyo. 2017), we said:

> The clear and unambiguous wording of our statute authorizes the punishment of "a person" who "takes or passes any controlled substance . . . into a jail." Taking and passing share the common function of introducing or causing the introduction of a prohibited substance into a jail, and are voluntary so long as they are the product of choice. This is the substance or gravamen of the crime for which Barrera was prosecuted, and it exists wholly independent of whether one chooses to be in a jail.
>
> Moreover, our statute places no limitation on the meaning of the word "person." The legislature gave no sign it intended to exclude arrestees and inmates from the reach of that term . . . .

*Id.* ¶¶ 17-18, 403 P.3d at 1029. On that basis, we held that "Wyo. Stat. Ann. § 6-5-208 applies to arrestees ... who carry controlled substances into the booking areas of jails" and upheld the district court's denial of Barrera's motion to dismiss. *Id.* ¶ 29, 403 P.3d at 1031. Like Barrera, Farnsworth was an arrestee who carried a controlled substance into the booking area of the Campbell County jail. Therefore the statute applied to him, and the district court properly denied his motion to dismiss.

[¶9] Farnsworth asserts that when construed in light of the following statute, § 6-5-208 cannot be read as applying to him.

**§ 6-5-213. Taking contraband into penal institutions or correctional facilities; definitions; penalties.**

(a) Except as authorized by a person in charge, no person shall:

(i) Intentionally convey or attempt to convey contraband to a person confined in a penal institution or correctional facility; or

(ii) Intentionally make, obtain or possess contraband if the person is officially confined in a penal institution or correctional facility.

(b) Any person who violates any provision of subsection (a) of this section is guilty of a misdemeanor punishable by imprisonment for not more than one (1) year, a fine

of not more than two thousand dollars ($2,000.00), or both.

(c) As used in this section:

(i) "Contraband" means:

(A) Cellular telephone or other unauthorized electronic communications device;

(B) Cigarette or other tobacco product;

(C) Money;

(D) Any tool or other item that may be used to facilitate escape from the custody of the penal institution or correctional facility; or

(E) Any other item that the person confined in the official custody of a penal institution or correctional facility is prohibited by law from making, obtaining or possessing.

(ii) "Penal institution or correctional facility" means a jail, a state penal institution or a correctional facility operated by a private entity pursuant to W.S. 7-22-102.

Wyo. Stat. Ann. § 6-5-213 (LexisNexis 2017).

[¶10] Farnsworth argues that several distinctions between this provision and § 6-5-208 suggest that the legislature intended either to implicitly repeal or clarify § 6-5-208 by enacting § 6-5-213. "Amendments by implication, like repeals by implication, are not favored and will not be upheld unless there is a manifested repugnancy or irreconcilable conflict between the two statutes." *Johnson v. Safeway Stores, Inc.*, 568 P.2d 908, 912 (Wyo. 1977) (internal citation omitted). As stated slightly differently in *Mathewson v. City of Cheyenne*, 2003 WY 10, 61 P.3d 1229 (Wyo. 2003):

> [O]ur longstanding rule is that repeals by implication are not favored and will not be indulged if there is any other reasonable construction. One asserting implied repeal bears the burden of demonstrating beyond question that the legislature intended that its later legislative action evinced an unequivocal purpose of affecting a repeal. Furthermore, it must be shown that the later statute is so repugnant to the earlier one that the two cannot logically stand together, or that the whole subject of the earlier statute is covered by the later one having the same object, clearly intending

to prescribe the only rules applicable to the subject.

*Id.* ¶ 11, 61 P.3d at 1233 (quoting *Shumway v. Worthey,* 2001 WY 130, ¶ 15, 37 P.3d 361, 367 (Wyo. 2001)).

[¶11] Moreover, this Court presumes that the legislature "intended new statutory provisions to be read in harmony with existing law and as part of an overall and uniform system of jurisprudence." *Vaughn v. State,* 2017 WY 29, ¶ 10, 391 P.3d 1086, 1091 (Wyo. 2017) (quoting *Cheyenne Newspapers, Inc. v. City of Cheyenne,* 2016 WY 125, ¶ 11, 386 P.3d 329, 333 (Wyo. 2016)). Farnsworth therefore bears a heavy burden to show that the legislature either repealed or amended § 6-5-208 implicitly.

[¶12] In support of his argument, he notes that § 6-5-213 was enacted after § 6-5-208, and he points out that § 6-5-213 prohibits both the conveyance of contraband into a jail to a person confined therein and the possession of contraband by a person so confined, while § 6-5-208 does not cover simple possession of drugs in jail. Farnsworth cites *Paramo v. State,* 896 P.2d 1342 (Wyo. 1995), as support for his assertion that § 6-5-208 does not cover simple possession. In *Paramo,* the Court held that "taking or passing controlled substances into a jail may be proven without *necessarily* proving possession of a controlled substance." 896 P.2d at 1345 (emphasis added). By way of example, the Court noted that controlled substances could be mailed to or taken into a jail by a third party. Contrary to Farnsworth's assertion, therefore, the Court did not suggest that § 6-5-208 does not cover simple possession of drugs carried into jail by an arrestee.

[¶13] Farnsworth also contends that the legislature's intent to repeal or clarify § 6-5-208 with the enactment of § 6-5-213 is shown by other differences between the two provisions. Section 6-5-213 applies to conveyances to or possession by a person confined in the facility, while § 6-5-208 applies to any person who takes or passes controlled substances into a jail. In addition, § 6-5-213 covers a wide range of contraband while § 6-5-208

covers only controlled substances and intoxicating liquor, and a violation of § 6-5-213 is a misdemeanor while a violation of § 6-5-208 is a felony.

[¶14] There is no question that the two statutes are different. However, we fail to see and Farnsworth does not explain how these differences demonstrate that the legislature intended § 6-5-213 to repeal or clarify § 6-5-208. Giving the language used in the statutes its plain and ordinary meaning, it is clear they were intended to address different concerns.

[¶15] Section 6-5-208 makes it a felony for anyone to pass or take a controlled substance <u>into</u> a jail. Section 6-5-213 makes it a misdemeanor for anyone to convey or attempt to convey contraband to someone confined <u>in</u> jail or for anyone to make, obtain or possess any contraband while officially confined <u>in</u> jail. Farnsworth took methamphetamine <u>into</u> the Campbell County jail in violation of § 6-5-208. He did not convey or attempt to convey the drug to an inmate, and rather than making, obtaining or possessing the drug while officially confined in jail as contemplated by § 6-5-213, he brought it into the jail with him. There is no manifest repugnancy or irreconcilable conflict between the two statutes, and they can be read in harmony and as part of an overall and uniform system of jurisprudence. *Vaughn,* ¶ 10, 391 P.3d at 1091; *Johnson,* 568 P.2d at 912.

### 2. *Fifth Amendment Prohibition of Self-Incrimination*

[¶16] Farnsworth quotes the following statement contained in the district court's order denying his motion to dismiss: ". . . the defendant always has an opportunity to disclose the existence of these controlled substances to the arresting officer before he ever reaches the jail." He asserts that the district court was implying that he could have avoided prosecution under § 6-5-208 by admitting his guilt under Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) (the provision that was the basis for his misdemeanor conviction).[2]

---

2.  That statute provides that:
    (c) It is unlawful for any person knowingly or intentionally to possess a controlled substance

unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the

He contends that requiring him to avoid one crime by incriminating himself in another violates the Fifth Amendment prohibition against self-incrimination.

[¶17] The flaw in Farnsworth's argument is that the statement he relies upon was not made by the district judge but instead was in a lengthy block quote from *State v. Barnes,* 229 N.C.App. 556, 747 S.E.2d 912, 918-21 (2013), *aff'd* 367 N.C. 453, 756 S.E.2d 38 (N.C. 2014). Although the quote appears in the district court's discussion of that earlier decision, it was not the basis for its ruling. The district court's decision was based on the conclusion that Farnsworth took drugs into the jail voluntarily even if he was taken there under arrest.

[¶18] Farnsworth also asserts that the State violated his Fifth Amendment right to remain silent when it argued that his failure to admit that he had drugs in his pocket was evidence of his intent to violate § 6-5-208. There is nothing in the State's response to the motion to dismiss to support Farnsworth's characterization of it's argument. To the contrary, the argument, like the district court's decision, was that Farnsworth's act of possessing methamphetamine when he entered the jail was voluntary even though he was under arrest. Neither Farnsworth's right to remain silent nor his right against self-incrimination was an issue presented in district court.

[¶19] However, these factual flaws aside, we do not need to delve deeper into these contentions. This argument was not presented below, and the question then becomes whether the Fifth Amendment claims Farnsworth presents for the first time on appeal are supported by cogent argument and valid authority, and if so, whether they are of such a fundamental nature that we must consider them. *Poitra v. State,* 2016 WY 20, ¶ 21, 368 P.3d 284, 289 (Wyo. 2016); *Crofts v. State ex rel. Dept. of Game and Fish,* 2016 WY 4, ¶ 21 n.2, 367 P.3d 619, 624 n.2 (Wyo. 2016).

[¶20] Other than citing one case for the general principle that a constitutional privilege against self-incrimination exists, Farnsworth provides no authority to support the Fifth Amendment claim he advances for the first time on appeal. Given the absence of citation to any pertinent authority, we decline to reach the merits of Mr. Farnsworth's Fifth Amendment argument.[3]

## CONCLUSION

[¶21] Farnsworth voluntarily took a controlled substance into a jail in violation of Wyo. Stat. Ann. § 6-5-208. Therefore, his conviction is affirmed.

KAUTZ, J., specially concurring, in which FOX, J., joins.

[¶22] I join the majority opinion with the following reservation. It has been said that once a dissenting justice has had his day, "... (h)e should ... live with the law as it has been stated ... abiding the time when he may win over the majority, but he should regard dearly enough the stability of the law that governs all the courts in the state not to

---

course of his professional practice, or except as otherwise authorized by this act. ... Any person who violates this subsection:

　(i) And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor punishable by imprisonment for not more than twelve (12) months ....

\* \* \*

　(C) For a controlled substance in powder or crystalline form, no more than three (3) grams[.]

Wyo. Stat. Ann. § 35-7-1031(c)(i)(C) (LexisNexis 2017).

**3.** The State also argues that Farnsworth did not preserve his Fifth Amendment claim in his conditional plea, citing *Ward v. State,* 2015 WY 10, ¶ 15, 341 P.3d 408, 411 (Wyo. 2015). Farnsworth's plea agreement allows him to "seek review of the adverse determination of all issues presented in 'Defendant's Motion to Dismiss' and the District Court's order/decision letter denying the Motion to Dismiss." Neither the motion nor the district court's order mention the Fifth Amendment. The failure to preserve this issue would be an alternative basis for our decision because non-jurisdictional claims do not survive a valid guilty or no contest plea. *Id.* (quoting *Kunselman v. State,* 2008 WY 85, ¶ 11, 188 P.3d 567, 569-70 (Wyo. 2008)).

renew the rataplan of his dissent. ...." Traynor (14 U.Chi.L.Rev. 219). Based on that concept I concur, recognizing that my position explained in *Barrera v. State*, 2017 WY 123, 403 P.3d 1025 (Wyo. 2017) might be asserted again at another more propitious time.