# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 12

### OCTOBER TERM, A.D. 2022

### February 3, 2023

DANIEL E. BORJA, SR.,

Appellant
(Defendant),

v.

S-22-0107

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Niobrara County*
*The Honorable F. Scott Peasley, Judge*

*Representing Appellant:*

> *Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Joanne S. Zook, Steiner, Fournier and Zook, LLC, Cheyenne, Wyoming. Argument by Ms. Zook.*

*Representing Appellee:*

> *Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General. Argument by Mr. Burton.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]   Daniel E. Borja, Sr., was convicted of taking a controlled substance into a jail, a felony, and possession of a controlled substance, a misdemeanor. He challenges the sufficiency of the evidence to support his conviction. He also asserts for the first time on appeal that his right against self-incrimination was violated. We affirm but remand for the limited purpose of correcting the written judgment and sentence.[1]

## ISSUES

[¶2]   The issues on appeal are:

> 1. Was the evidence sufficient to support Mr. Borja's conviction on the felony charge of taking a controlled substance into a jail?
>
> 2. Was the evidence sufficient to support Mr. Borja's conviction on the misdemeanor charge of possession?
>
> 3. Does requiring an arrestee to disclose his possession of a controlled substance or face a felony charge for taking the substance into a jail violate the arrestee's right against self-incrimination?

## FACTS

[¶3]   On April 12, 2021, Officer Jeremiah Fink of the Lusk Police Department arrested Mr. Borja outside his home on an outstanding warrant unrelated to the offenses at issue in this appeal. Officer Fink asked Mr. Borja to put his hands behind his back and placed him in handcuffs. Before placing him in the patrol car, Officer Fink asked him "if he had anything on him," and Mr. Borja responded that he had his keys and wallet. Officer Fink then transported Mr. Borja to the Niobrara County Detention Center. As they entered the facility, Officer Fink told the detention officer, Deputy Rosie Mazac, that Mr. Borja had

---

[1] Mr. Borja does not raise it as an issue, but the State points out a discrepancy between the oral and written sentencing. During the sentencing hearing, the district court correctly sentenced Mr. Borja for misdemeanor possession of less than three grams of methamphetamine. In the court's written judgment and sentence, however, it wrote that Mr. Borja was guilty of Wyo. Stat. Ann. § 35-7-1031(c)(iii) (LexisNexis 2021), which is felony possession of more than three grams of methamphetamine. We thus remand for correction of the judgment and sentence to accurately reflect that Mr. Borja was charged with and found guilty of violating Wyo. Stat. Ann. § 35-7-1031(c)(i)(C). *See Wanberg v. State*, 2020 WY 75, ¶ 28, 466 P.3d 269, 275 (Wyo. 2020) ("If a written sentence does not conform to the oral sentence, this Court must remand the issue for correction.").

1

said he only had keys and a wallet on him, and Mr. Borja again stated that he had nothing but his keys and wallet.

[¶4]    Once inside, Deputy Rosie Mazac searched Mr. Borja while Officer Fink stood by. A few minutes into the search, after Deputy Mazac had repeatedly asked Mr. Borja to remain still, she removed a small Ziploc bag containing a crystalline substance from the front upper pocket of his coat. Deputy Mazac asked Mr. Borja what was in the bag, and he said it was "nothing," then "fiberglass," and winked at Officer Fink. Deputy Mazac then said, "Okay, anything you bring into the jail," and Mr. Borja interrupted and said, "I know, I know, I will be charged for that. I know that."

[¶5]    An initial test of the crystalline substance returned a presumptive positive result for methamphetamine. Officer Fink then sent it to the Wyoming Crime Lab, which confirmed the substance was methamphetamine.

[¶6]    The State charged Mr. Borja with one felony count of taking a controlled substance into a jail and one misdemeanor count of possession of a controlled substance in an amount less than three grams. At trial, the State presented Officer Fink's video of Mr. Borja's arrest and search, and the testimony of Officer Fink, Deputy Mazac, and the Wyoming Crime Lab technician that tested the crystalline substance. After the State rested, Mr. Borja moved for a directed verdict on the misdemeanor possession count, and the district court took the motion under advisement. Mr. Borja did not present evidence, and the jury returned a verdict of guilty on both counts. Mr. Borja did not renew his motion for a directed verdict on the misdemeanor count, and the court did not rule on his earlier motion.

[¶7]    The district court entered judgment and sentenced Mr. Borja to a prison term of two to three years on the felony count, suspended in favor of three years of supervised probation. It sentenced him to a term of one year on the misdemeanor count, with credit for time served. Mr. Borja timely appealed to this Court.

## STANDARD OF REVIEW

[¶8]    Mr. Borja argues the evidence was insufficient to support his conviction on either the felony or misdemeanor count against him. In considering the sufficiency of the evidence, we "need not determine whether the evidence established the defendant's guilt beyond a reasonable doubt." *Mitchell v. State*, 2020 WY 142, ¶ 33, 476 P.3d 224, 237 (Wyo. 2020) (citing *Pyles v. State*, 2020 WY 13, ¶ 6, 456 P.3d 926, 929 (Wyo. 2020)). Our review is instead as follows:

> We must determine whether the evidence could reasonably support the jury's verdict. We do not reweigh the evidence or reexamine the credibility of witnesses, but examine the

2

evidence in the light most favorable to the State. We accept the State's evidence as true, giving it every favorable inference which can reasonably and fairly be drawn from it. We disregard any evidence favorable to the appellant that conflicts with the State's evidence.

*Mackley v. State*, 2021 WY 33, ¶ 24, 481 P.3d 639, 645 (Wyo. 2021) (cleaned up).

[¶9]    Mr. Borja also presents a constitutional claim. "Issues of constitutionality present questions of law, which we review de novo." *WyoLaw, LLC v. Off. of Att'y Gen., Consumer Prot. Unit*, 2021 WY 61, ¶ 33, 486 P.3d 964, 974 (Wyo. 2021) (quoting *Sam v. State*, 2017 WY 98, ¶ 76, 401 P.3d 834, 859 (Wyo. 2017)).

## *DISCUSSION*

### I.    *The evidence was sufficient for the jury to convict Mr. Borja of voluntarily taking a controlled substance into a jail.*

[¶10]  Wyo. Stat. Ann. § 6-5-208 (LexisNexis 2021) provides that "a person commits a felony . . . if that person takes or passes any controlled substance or intoxicating liquor into a jail[.]" In *Barrera v. State*, we observed that the statute describes a general intent crime that must be committed voluntarily. 2017 WY 123, ¶ 12, 403 P.3d 1025, 1028 (Wyo. 2017). Nonetheless, we held that an arrestee can commit the crime even though his presence in the jail is involuntary. *Id.* at ¶ 17, 403 P.3d at 1029. We reasoned:

> The clear and unambiguous wording of our statute authorizes the punishment of "a person" who "takes or passes any controlled substance into a jail." Taking and passing share the common function of introducing or causing the introduction of a prohibited substance into a jail, and are voluntary so long as they are the product of choice. This is the substance or gravamen of the crime . . . and it exists wholly independent of whether one chooses to be in a jail.

*Id.*; *see also Farnsworth v. State*, 2017 WY 137, ¶ 8, 405 P.3d 1067, 1070 (Wyo. 2017) (applying same holding).

[¶11]  Mr. Borja acknowledges our holdings in *Barrera* and *Farnsworth*, but contends his situation is distinguishable because in those cases, the defendants were advised that taking a controlled substance into the jail was a felony. He argues that there was no evidence his actions were voluntary because he was not advised he could be charged. We disagree.

3

[¶12]   The State was not required to prove that Mr. Borja knew his action was a crime or that he intended to commit a crime. *See Wyant v. State*, 2020 WY 15, ¶ 8, 458 P.3d 13, 16 (Wyo. 2020) (defining a general intent crime as one that "consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence") (quoting *Kite v. State*, 2018 WY 94, ¶ 23, 424 P.3d 255, 263 (Wyo. 2018)); *see also People v. Low*, 232 P.3d 635, 645 (Cal. 2010) (knowingly bringing a substance into a jail "does not require any knowledge of the unlawfulness of such act or omission") (quoting Cal. Penal Code § 7 (West 2017)); 1 Wayne R. LaFave, *Substantive Criminal Law* § 5.6 (3d ed. 2017) (noting that a defendant's belief his conduct was not unlawful is not a defense). It was instead required to show that Mr. Borja's taking methamphetamine into the jail was a product of his choice. *Farnsworth*, 2017 WY 137, ¶ 8, 405 P.3d at 1070; *Barrera*, 2017 WY 123, ¶ 17, 403 P.3d at 1029.

[¶13] Mr. Borja is correct that in both our prior decisions, the defendants were specifically advised that proceeding into the jail with controlled substances would expose them to felony charges. *Farnsworth*, 2017 WY 137, ¶ 3, 405 P.3d at 1068-69; *Barrera*, 2017 WY 123, ¶¶ 5-6, 403 P.3d at 1027. In those cases, the defendants' taking of controlled substances into the jails after receiving such advisements was evidence of a choice. *See also State v. Gneiting*, 468 P.3d 263, 270 (Idaho 2020); *Herron v. Commonwealth*, 688 S.E.2d 901, 906 (Va. Ct. App. 2010); *State v. Cargile*, 916 N.E.2d 775, 776-77 (Ohio 2009); *State v. Alvarado*, 200 P.3d 1037, 1042 (Ariz. Ct. App. 2008). We did not, however, hold that a specific advisement was required before a finding of voluntariness could be made. Again, our focus was on whether the taking of the controlled substance into the jail was the product of a choice. *Farnsworth*, 2017 WY 137, ¶ 8, 405 P.3d at 1070; *Barrera*, 2017 WY 123, ¶ 17, 403 P.3d at 1029.

[¶14]   While there was no specific advisement in this case, there was other evidence that, when considered in the light most favorable to the state, shows Mr. Borja made a choice to take methamphetamine into the jail. Before placing Mr. Borja in his patrol car, Officer Fink asked him if he had anything on him. Mr. Borja's counsel maintained during oral argument that question was broad enough to encompass whether he had drugs on him. Also, when Officer Fink arrived at the jail with Mr. Borja, he told Deputy Mazac that Mr. Borja had said he only had a wallet and keys on him, and Mr. Borja again repeated that claim. These were two opportunities for Mr. Borja to disclose his possession of methamphetamine before entering the jail, and his failure to do so is evidence of a choice to take the drugs into the jail. *See People v. McClintic*, 484 P.3d 724, 730 (Colo. App. 2020), *as modified* (Apr. 29, 2021) ("[T]o be convicted of introduction of contraband in the first degree, a defendant whose entry into a detention facility is involuntary must either deny possession when asked or conceal or attempt to conceal the presence of contraband on his or her person."); *People v. Ross*, 76 Cal. Rptr.3d 477, 478 (Cal. Ct. App. 2008) (arrestee voluntarily chose to enter jail with weapon where she lied about possession and entered jail).

4

[¶15]  Additionally, there was the conversation between Deputy Mazac and Mr. Borja after she found the baggie of methamphetamine and began to comment on Mr. Borja bringing it into the jail. Mr. Borja stated, "I know, I know, I will be charged for that. I know that." This is subject to different interpretations, but Officer Fink testified he understood it to mean that Mr. Borja knew that bringing the methamphetamine into the jail was illegal.

> Q.  And when this bag was found on him, what did the defendant state after that?
>
> A.  After that, he said it was fiberglass, then looked back at me and winked.
>
> Q.  Okay. Then what did he say after that?
>
> A.  After that, the defendant said that he knew he would be charged for that.
>
> Q.  So the defendant at least voiced an understanding of he knew he would be charged if he brought illegal substances into the jail?
>
> A.  Yes, he did.

[¶16]  Deputy Mazac testified similarly, though less specifically.

> Q.  And then did a conversation take place between you and Defendant?
>
> A.  Yes.
>
> Q.  And what was that conversation?
>
> A.  I asked him what it was. He told me fiberglass. And I proceeded to ask him – or tell him that anything he brings in, he would be charged with.
>
> Q.  And do you remember what the defendant responded to that?
>
> A.  He said he knew.

[¶17]   In closing argument, defense counsel, in an apparent effort to deflect evidence of the misdemeanor possession charge, argued how Mr. Borja believed the jury should interpret his statement.

> I think if you listen to the tape very closely he says, if it – "I know. If I bring something in, I'm going to get charged." He knows the law. He knows if he brings something into the jail he would be charged, so why would he knowingly bring something into the jail? He wouldn't.

[¶18]   In other words, Mr. Borja's position at trial was consistent with Officer Fink's testimony that he understood that bringing controlled substances into the jail was illegal. While the State was not required to prove that Mr. Borja knew that bringing methamphetamine into the jail was illegal, that knowledge was evidence of the choice he made to bring it into the jail. *See Barrera*, 2017 WY 123, ¶ 14, 403 P.3d at 1028-29 ("[C]ourts adopting the majority position focus on a choice actually made by arrestees after they have been advised that a failure to disclose they were carrying drugs prior to entering a jail would result in a felony prosecution.").

[¶19]   The evidence of Mr. Borja's failure to disclose his possession of methamphetamine when given the opportunity, and his understanding that taking it into the jail was illegal, reasonably supports the jury's conclusion that Mr. Borja voluntarily took a controlled substance into the jail. We therefore conclude the evidence was sufficient for the jury to convict Mr. Borja of voluntarily taking a controlled substance into a jail.

## II.    *The evidence was sufficient for the jury to convict Mr. Borja of knowingly possessing a controlled substance.*

[¶20]   The State charged Mr. Borja with misdemeanor possession of methamphetamine pursuant to Wyo. Stat. Ann. § 35-7-1031(c)(i)(C). The elements of a possession offense are that the defendant "(1) either individually or jointly with another exercised dominion and control over the substance; (2) had knowledge of its presence; and (3) had knowledge that the substance was a controlled substance." *Roman v. State*, 2022 WY 48, ¶ 12, 507 P.3d 453, 456-57 (Wyo. 2022) (quoting *Mitchell*, 2020 WY 142, ¶ 34, 476 P.3d at 238). Mr. Borja challenges only the sufficiency of the evidence to establish the third element, that he had knowledge the crystalline substance was methamphetamine.

[¶21]   In support of his argument, Mr. Borja points to his repeated statements to Officer Fink and Deputy Mazac that he had nothing on him and his statement that he thought the crystalline substance was fiberglass. It is, however, the jury's province to make credibility determinations. *Huckins v. State*, 2020 WY 21, ¶ 16, 457 P.3d 1277, 1280 (Wyo. 2020). A rational jury could have reasonably rejected Mr. Borja's stated belief that

the baggie in his pocket contained fiberglass, particularly since he winked at Officer Fink when he said it. *See Sorensen v. State*, 2019 WY 80, ¶ 31, 444 P.3d 1283, 1290 (Wyo. 2019) (finding jury "could reasonably reject [defendant's] explanation of events and conclude she knew a baggie of methamphetamine was on her person"); *Lemley v. State*, 2016 WY 65, ¶ 28, 375 P.3d 760, 766-67 (Wyo. 2016) (finding rational jury "could reasonably reject [defendant's] disavowal of any knowledge of drugs"). Additionally, our standard of review requires that "[w]e disregard any evidence favorable to the appellant that conflicts with the State's evidence." *Mackley*, 2021 WY 33, ¶ 24, 481 P.3d at 645 (quoting *Armajo v. State*, 2020 WY 153, ¶ 21, 478 P.3d 184, 191 (Wyo. 2020)).

[¶22] Mr. Borja further contends that the State failed in its proof because it did not present direct evidence that he knew the crystalline substance in his pocket was methamphetamine. But as the State points out, it was not required to present direct evidence. "Direct evidence of knowledge is not required. The prosecution may rely on a reasonable inference of knowledge drawn entirely from circumstantial evidence." *Sorensen*, 2019 WY 80, ¶ 30, 444 P.3d at 1290 (citing *Lee v. State*, 2003 WY 8, ¶ 10, 61 P.3d 1225, 1228 (Wyo. 2003)); *see also Lemley*, 2016 WY 65, ¶ 25, 375 P.3d at 766. "A reasonable or permissible inference has been described as 'a process of reasoning by which a fact or proposition is deduced fairly and logically from other facts proven or admitted.'" *Sorensen*, 2019 WY 80, ¶ 31, 444 P.3d at 1290 (quoting *Grimes v. State*, 2013 WY 84, ¶ 11, 304 P.3d 972, 975 (Wyo. 2013)).

[¶23] When Mr. Borja told Deputy Mazac the substance in the baggie was fiberglass, he winked at Officer Fink. A rational jury could reasonably infer from that gesture that Mr. Borja's purported ignorance of the substance was feigned. Additionally, the fact that Mr. Borja had the substance on him supports an inference that he knew of it and what it was. *See Lemley*, 2016 WY 65, ¶ 25, 375 P.3d at 766 ("[A] defendant's access to an area holding drugs which were hidden among the defendant's belongings may suffice to establish that he controlled them and knew of their presence and nature.") (citing *Taylor v. State*, 2011 WY 18, ¶¶ 13-14, 246 P.3d 596, 600 (Wyo. 2011)). We therefore conclude the evidence was sufficient for the jury to convict Mr. Borja of knowingly possessing a controlled substance.[2]

---

[2] Mr. Borja framed this issue as an error in the district court's failure to rule on his motion for judgment of acquittal on the possession charge. While we agree the court erred in failing to rule on the motion, that error was harmless because the question for this Court remains the same. *See Foltz v. State*, 2017 WY 155, ¶ 10, 407 P.3d 398, 401 (Wyo. 2017) ("As a practical matter, the standard of review for denial of a motion for judgment of acquittal is the same as that used when an appeal claims insufficient evidence to convict.").

***III.  We will not consider Mr. Borja's constitutional claim because it was not raised below and is not supported by relevant authority or cogent argument.***

[¶24]  Mr. Borja claims our holdings in *Barrera* and *Farnsworth*, that Wyo. Stat. Ann. § 6-5-208 applies to an arrestee who involuntarily enters a jail, violates the arrestee's right against self-incrimination. He did not, however, raise this issue below, and we have repeatedly held we will not consider an issue raised for the first time on appeal. *Rogers v. State*, 2021 WY 123, ¶ 14, 498 P.3d 66, 70 (Wyo. 2021) (citing *Davis v. State*, 2018 WY 40, ¶ 32, 415 P.3d 666, 678 (Wyo. 2018); *Black v. State*, 2017 WY 135, ¶ 15, 405 P.3d 1045, 1051 (Wyo. 2017); *Miller v. Beyer*, 2014 WY 84, ¶ 34, 329 P.3d 956, 967 (Wyo. 2014)). "We recognize only two exceptions to that rule: when the issue raises jurisdictional questions or it is of such a fundamental nature that it must be considered." *Rogers*, 2021 WY 123, ¶ 14, 498 P.3d at 70 (quoting *Harrison v. State*, 2021 WY 40, ¶ 15, 482 P.3d 353, 358 (Wyo. 2021)). An issue is not necessarily fundamental because it is constitutional, *Belanger v. State*, 2021 WY 110, ¶ 22 n.1, 496 P.3d 770, 776 n.1 (Wyo. 2021), and Mr. Borja has offered no other reason we should consider his claim to be fundamental. We therefore decline to consider it.

[¶25]  We also decline to consider Mr. Borja's constitutional claim because it is not supported by relevant authority or cogent argument. *Pettengill v. Castellow*, 2022 WY 144, ¶ 24, 520 P.3d 105, 113 (Wyo. 2022) ("We will not frame the issues for the litigants and will not consider issues not raised by them and not supported by cogent argument and authoritative citation.") (quoting *Statzer v. Statzer*, 2022 WY 117, ¶ 24, 517 P.3d 574, 581-82 (Wyo. 2022)). Mr. Borja's argument is little more than a page long and cites no authority other than to quote portions of the Fifth Amendment and the corresponding provision of the Wyoming constitution. This is not adequate for our consideration. *See Farnsworth*, 2017 WY 137, ¶ 20, 405 P.3d at 1072 (declining to consider Fifth Amendment claim where appellant cited only "one case for the general principle that a constitutional privilege against self-incrimination exists").

[¶26]  Finally, to the extent Mr. Borja is asking this Court to revisit its decisions in *Barrera* and *Farnsworth*, he has offered no reason for the request. We have observed:

> We consider the doctrine of *stare decisis* to be an important principle which furthers the "evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process."
>
> Nevertheless, we should be willing to depart from precedent when it is necessary "to vindicate plain, obvious principles of law and remedy continued injustice." When

precedential decisions are no longer workable, or are poorly reasoned, we should not feel compelled to follow precedent. *Stare decisis* is a policy doctrine and should not require automatic conformance to past decisions.

*Hassler v. Circle C Res.*, 2022 WY 28, ¶ 19, 505 P.3d 169, 175 (Wyo. 2022) (quoting *McCallister v. State ex rel. Dep't of Workforce Servs.*, 2019 WY 47, ¶ 21, 440 P.3d 1078, 1084 (Wyo. 2019)). Our reasons for adhering to precedent are particularly compelling when the question is one of statutory interpretation, where we might expect the legislature to intervene if our interpretation was incorrect. *Baessler v. Freier*, 2011 WY 125, ¶ 14, 258 P.3d 720, 725-26 (Wyo. 2011) ("[S]*tare decisis* in respect to statutory interpretation has 'special force'") (quoting *Alpine Lumber Co. v. Cap. W. Nat'l Bank*, 2010 WY 62, ¶ 12, 231 P.3d 869, 873 (Wyo. 2010)).

[¶27] Mr. Borja has not argued that our decisions in *Barrera* and *Farnsworth* were poorly reasoned or that they are no longer workable, and he has offered no other cogent argument in support of a compelling reason to revisit those decisions. We therefore decline his implied invitation to do so.

## CONCLUSION

[¶28] The evidence was sufficient to support Mr. Borja's conviction, and we decline to consider the constitutional claim he raises for the first time on appeal. We remand for the limited purpose of correcting the written judgment and sentence, but in all other respects we affirm.