No. 126,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUENTIN KIRK LAWTON,
*Appellant*.

SYLLABUS BY THE COURT

1.

There are no secret crimes in America. A tenet of fundamental fairness, enshrined in the Due Process Clause of the United States Constitution, provides that a person must have notice that certain conduct is illegal. If there is no notice, there is no due process, and with no due process there can be no conviction.

2.

When the Kansas Legislature publishes a criminal statute it has enacted, everyone receives constructive notice that certain conduct has criminal consequences. The statute defines the crime. Once a statute has sufficiently defined conduct as criminal, people are presumed to know that the legislature has made that conduct illegal. Ignorance of the law is no excuse for violating it.

3.

K.S.A. 21-5914 defines the crime of trafficking in contraband in a correctional institution or care and treatment facility. It vests administrators with discretion to determine what items are permitted or prohibited as contraband. To comport with

1

principles of notice and due process, this statute requires administrators to provide fair notice to people of ordinary intelligence of what conduct is prohibited.

4.

Criminal laws apply uniformly across the state. The fact that it is illegal to possess a substance in Kansas is sufficient, as a matter of law, to provide fair notice that it is also illegal to possess that substance inside a correctional institution in Kansas.

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Oral argument held January 7, 2025. Opinion filed June 20, 2025. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

WARNER, J.: Quentin Lawton was convicted of trafficking in contraband in a correctional institution after he was found with a drug (a form of synthetic cannabinoid) inside the Shawnee County Jail. Lawton argues that the State did not prove that he had fair notice that the synthetic cannabinoid he possessed was contraband inside the jail. But it is illegal to possess that substance in Kansas—whether inside the jail or otherwise. Lawton thus had fair notice that he also could not possess or traffic that illegal substance in a Kansas jail. We affirm his conviction.

FACTUAL AND PROCEDURAL BACKGROUND

While Lawton was being held at the Shawnee County Jail in September 2020, correctional officers found envelopes addressed to Lawton containing pieces of paper

2

with "some sort of substance on it." The officers had heard inmates discussing synthetic marijuana being sprayed onto pieces of paper and suspected this was the substance found in Lawton's envelopes. The Kansas Bureau of Investigation tested the pieces of paper; they contained "a controlled Indole-3-carboxamide"—a synthetic cannabinoid (commonly referred to as K2 or synthetic marijuana). Possession of synthetic marijuana is illegal under Kansas law. See K.S.A. 21-5706(b)(7).

Lawton was charged with trafficking in contraband in a correctional institution under K.S.A. 21-5914(a)(3). The case proceeded to a bench trial, where the primary evidentiary dispute was whether Lawton had actual knowledge that possession of synthetic marijuana was prohibited—and specifically, whether Lawton had been informed that he was not allowed to possess synthetic marijuana in the jail.

An internal investigator for the Kansas Department of Corrections testified that inmates at the Shawnee County Jail have access to an inmate handbook, which states that contraband includes smoking materials and drugs. According to the investigator, inmates are given a hard copy of the handbook when they enter the jail, and there is also a digital copy of the handbook on every jail-issued tablet. The investigator acknowledged that he had not personally given Lawton a hard copy of the handbook, nor had he personally verified that the tablet issued to Lawton contained the handbook.

Another jail employee testified that inmates were not consistently given a hard copy of the inmate handbook. (The jail's internal policy had changed, and the handbook was installed on the jail-issued tablets instead.) The employee was not sure whether the hard-copy handbooks were given out in September 2020. He also did not recall being present when Lawton was processed into the jail and did not personally know if Lawton had been given a copy of the handbook.

Lawton testified that he was not given a hard copy of the handbook when he was booked into jail. Lawton stated that while he was at the jail, inmates needed to fill out a request form to get a hard copy of the handbook, and he had never done that. Lawton also testified that although he was given a tablet, he was not aware of any digital inmate handbook on that tablet.

During closing arguments, Lawton asserted that the State had not met its burden of proof because there was no evidence that Lawton knew that he was not allowed to have synthetic cannabinoids in the jail. He pointed out that no one had specifically informed him of this prohibition. And Lawton argued that the State had not shown that he had personally received a handbook or other policy stating that the drugs were prohibited.

The district court found these arguments unconvincing. It noted that possession of synthetic marijuana is illegal in Kansas. Thus, the court reasoned, "the issue is not one whether the defendant was placed on notice that it was illegal for him to possess illegal drugs," but "whether he possessed illegal drugs in the jail and that that was done without the permission of the folks running the jail." The district court thus found him guilty of trafficking in contraband in a correctional institution. Lawton appeals.

DISCUSSION

K.S.A. 21-5914(a) defines the offense of trafficking in contraband in a correctional institution. That statute does not specifically define "contraband"; instead, it includes six actions by which a person commits the offense when done "without the consent of the administrator" of the relevant institution. K.S.A. 21-5914(a). The district court found that Lawton's possession of the papers sprayed with synthetic marijuana was conduct prohibited by K.S.A. 21-5914(a)(3)—"any unauthorized possession of any item while in any correctional institution."

4

Lawton does not deny that the evidence at his trial showed that while he was in jail, he possessed pieces of paper that had been sprayed with synthetic marijuana. But he argues that this evidence was not sufficient to support his conviction under K.S.A. 21-5914(a)(3) because nothing showed that he had been informed that he could not possess those items while he was in jail. In other words, Lawton argues that he never received notice—either through K.S.A. 21-5914(a)(3) or from the jail officials—that the papers sprayed with synthetic marijuana were contraband.

This argument requires some context. There are no secret crimes in our country. A tenet of fundamental fairness, enshrined in the Due Process Clause of our United States Constitution, provides a person must have notice that certain conduct is illegal before they may be convicted of a crime for engaging in that conduct. See U.S. Const. amend XIV, § 1; *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972). In other words, "because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited" so they may act accordingly. 408 U.S. at 108.

When the Kansas Legislature publishes a criminal statute it has enacted, the public receives constructive notice that certain conduct has criminal consequences. The statute defines the crime. A criminal statute must thus "convey[] a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice." *State v. Huffman*, 228 Kan. 186, 192, 612 P.2d 630 (1980). Once a statute has sufficiently defined conduct as criminal, people are "presumed to know that the legislature has made [that conduct] illegal." *State v. Jones*, 47 Kan. App. 2d 512, Syl. ¶ 6, 276 P.3d 804 (2012), *rev. granted* May 6, 2014 (summarily remanded on an unrelated issue concerning restitution). In other words, "[i]gnorance of the law is no excuse for violating it." 47 Kan. App. 2d 512, Syl. ¶ 6.

But as we have noted, K.S.A. 21-5914 does not define "contraband." Instead, the statute vests administrators of jails and other relevant facilities with discretion to determine what items are permitted or prohibited. In 2002, the Kansas Supreme Court examined an earlier version of this statute to determine whether this practice—delegating to jail administrators the choice as to what constitutes contraband—violated the notice component of due process. See *State v. Watson*, 273 Kan. 426, 44 P.3d 357 (2002). Ultimately, our Supreme Court held that this delegation was constitutionally permissible so long as there were safeguards in place to ensure that reasonable people understood what items were not allowed. 273 Kan. at 435. The court explained that to comport with due process, the statute required administrators to "provide persons of common knowledge adequate warning of what conduct is prohibited." 273 Kan. at 435.

In 2017, a panel of this court interpreted *Watson* to require "individualized notice" that certain items were prohibited before they could give rise to a conviction for trafficking in contraband. *State v. Taylor*, 54 Kan. App. 2d 394, 426, 401 P.3d 632 (2017). Lawton originally based his arguments on *Taylor*'s holding, asserting the State had not presented evidence that anyone had specifically informed him that synthetic marijuana was not allowed in the jail.

But while Lawton's appeal was pending, the Kansas Supreme Court revisited the issue of notice in *State v. Hinostroza*, 319 Kan. 129, 552 P.3d 1202 (2024). The *Hinostroza* court clarified that the law only requires that a person receive "fair notice" that an item was prohibited, which did not require an "individualized" warning. 319 Kan. 129, Syl. ¶ 5; see *Watson*, 273 Kan. at 435 ("fair notice" simply requires "adequate warning"). The court thus rejected *Taylor*'s demand for *individualized* notice and declined "to impose unstated temporal or specificity requirements beyond *Watson*'s requirement of letting persons of common knowledge know what contraband was prohibited." *Hinostroza*, 319 Kan. at 144-45.

In the wake of *Hinostroza*, Lawton has changed course, arguing that he also did not receive *fair* notice that the synthetic marijuana he possessed was contraband. He argues that the testimony was unclear as to whether he ever received a jail handbook, which provides a list of prohibited items. And he notes that in *Taylor*—where a person had a baggie containing marijuana in his shoe when he was booked into jail—the panel found that a person must receive notice that certain items are prohibited even when those items "are also items that are illegal to possess outside a correctional institution." *Taylor*, 54 Kan. App. 2d 394, Syl. ¶ 5.

But as the Supreme Court observed in *Hinostroza*, the *Taylor* decision viewed the concept of notice too strictly when it held that individuals must always be notified by the jail administrator that illegal drugs are contraband. The *Hinostroza* court refused to "read into the statute any requirement for a specific type of advisement" that certain items were prohibited. 319 Kan. at 145. And the court cited decisions from two other states holding that "'other evidence'" could be sufficient to prove that a defendant knew the item they were bringing in was not allowed. 319 Kan. at 145 (quoting *Beltz v. State*, 551 P.3d 583, 591 [Alaska Ct. App. 2024]; citing *Borja v. State*, 523 P.3d 1212, 1216 [Wyo. 2023]).

When a defendant challenges the sufficiency of the evidence to support their conviction, an appellate court reviews the evidence "in a light most favorable to the State" to ascertain whether a rational fact-finder "could have found the defendant guilty beyond a reasonable doubt." *State v. Rosa*, 304 Kan. 429, Syl. ¶ 1, 371 P.3d 915 (2016). Practically speaking, this standard requires appellate courts to affirm a conviction on sufficiency grounds as long as there is some evidence in the record to support each element of the offense. See *State v. Parker*, 309 Kan. 1, 13, 430 P.3d 975 (2018) ("To meet the sufficiency standard, evidence must support each element of a crime."). In the context of this case, that means that there must be some evidence showing that a reasonable person should be aware that they were not permitted to possess synthetic marijuana in jail.

Lawton claims the district court found there was no evidence at trial that notice was provided to Lawton. He points out that the court found that there was no evidence of any sign indicating it was illegal to possess synthetic marijuana at the jail and there was no conclusive evidence that Lawton had received a hard copy of the handbook. But these arguments focus on whether Lawton himself had personally been informed that he could not possess illegal drugs. Under *Hinostroza*, these arguments miss the mark.

Fair notice requires "letting persons of common knowledge know what contraband was prohibited" before possession of those items can lead to a criminal conviction. *Hinostroza*, 319 Kan. at 145. Evidence that a person had reason to know the contours of what was prohibited is particularly important in cases like *Watson* and *Hinostroza*—where the item in question is something someone may legally possess outside of a jail or other covered facility. Otherwise, a person might not understand that possessing the cigarettes in *Watson* or the firearm in *Hinostroza* was unlawful.

But as the district court observed in its ruling, the synthetic marijuana possessed by Lawton was different from these otherwise lawful items. Possession of the synthetic cannabinoid found in Lawton's cell was illegal at the time Lawton possessed it in 2020—throughout Kansas, both inside and outside the jail—and it continues to be illegal today. See K.S.A. 21-5706(b)(7) (unlawful to possess synthetic cannabinoid as specified in K.S.A. 65-4105[h][1]); same statute in effect in 2020 referencing K.S.A. 2020 Supp. 65-4105(h)(14). The law imputes knowledge of this prohibition to Lawton. See *Jones*, 47 Kan. App. 2d 512, Syl. ¶ 6. As the district court succinctly explained, Lawton had fair notice that synthetic marijuana was contraband because "it was illegal for him to possess illegal drugs."

Lawton's argument, taken to its conclusion, would lead to an absurd result: It implies that administrators in jails and other institutions covered by K.S.A. 21-5914

8

could permit people in those facilities to possess materials that were illegal outside the facilities' walls. The principles of due process do not require this inversion of reason.

Rather, criminal laws apply uniformly across the state. The fact that it is illegal to possess a substance in Kansas is sufficient, as a matter of law, to provide fair notice that it is also illegal to possess that substance inside a correctional institution.

Lawton's conviction for trafficking in contraband in a correctional institution was supported by sufficient evidence. We affirm the district court's judgment.

Affirmed.